UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

                    Plaintiff,

v.                                                     Case No. 14-cv-795-pp

MICHAEL J. HICKS, *et al.*,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW (DKT. NO. 22)**

---

Plaintiff Ennis Lee Brown originally filed this case in 2014. On October 31, 2014, Judge Charles N. Clevert, Jr. dismissed the case without prejudice. On March 21, 2019 (some four-and-a-half years it was dismissed), the plaintiff filed a motion to reopen the case. Dkt. No. 20. The case was reassigned to this court, which denied the plaintiff's motion to reopen on April 19, 2019. Dkt. No. 21. The plaintiff has now filed a motion asking the court to review and reverse its order denying his motion to reopen his case. Dkt. No. 22. The court will deny the plaintiff's motion.

The plaintiff brought his motion to reopen the case under Federal Rule of Civil Procedure 60(a) (which allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record"). Dkt. No. 20. The court denied the plaintiff's motion because he had not identified a clerical mistake in Judge Clevert's dismissal order. Dkt. No. 21 at 2-3.

1

Because the plaintiff is representing himself, the court's April 19, 2019 order also considered whether the plaintiff might have intended to file his motion to reopen under Rule 60(b), which allows the court to relieve someone from an order or judgment for various reasons, including mistake or excusable neglect, newly-discovered evidence, fraud or misconduct by the opposing party, a void judgment, a satisfied judgment, or "any other reasons that justifies relief." Dkt. No. 21 at 3. The court found that the plaintiff's motion to reopen did not allege any of these reasons and that, even if it did, he had filed his motion about three and a half years too late; Rule 60(c) requires someone who files a Rule 60(b) motion to file it no more than a year after the entry of the judgment or order he is asking the court to correct. Id. The court also determined that if the plaintiff had filed his motion under Rule 59(e) the court could not grant it because that rule requires a party to file a motion to alter or amend judgment within twenty-eight days of judgment. Id.

In his most recent motion for review, the plaintiff states that the court should have granted his motion to reopen under Federal Rule of Civil Procedure 60(b) and excused the one-year limitation to file his motion for good cause. Dkt. No. 22 at 1. He states that he "as[]ked 'court staff' if he could 're-file' the 1983, he was denied by said staff, which went on to have him 'file' a 'NEW' complaint or allow the case to end." Id. The record does not confirm the plaintiff's version of events. The record shows that on April 1, 2015, the court received a letter from the plaintiff, asking whether he'd be required to pay another filing fee if he re-filed his case. Dkt. No. 16. The court did not respond

to that letter. The court received another letter from the plaintiff on April 27, 2015, asking again whether he'd have to pay a filing fee if he "re-filed" the dismissed case. Dkt. No. 17. On May 12, 2015, one of the attorneys who staffs *pro se* cases responded to the plaintiff as follows:

> I am in receipt of your recent letter in which you ask if you will need to pay another filing fee if you refile your civil rights case. On October 31, 2014, Judge Clevert dismissed without prejudice your prior case, Case No. 14-cv-795. If you file another case, you will need to pay another filing fee. I have enclosed a form for filing a case under 42 U.S.C. § 1983. If you do not have sufficient funds to pay the full filing fee at the time you file the complaint, you may file a petition for leave to proceed in forma pauperis. I have also enclosed a form you may use to file a petition for leave to proceed in forma pauperis.

Dkt. No. 18.

This letter demonstrates that the *pro se* staff attorney did not tell the plaintiff that he couldn't file a new case. The staff attorney told him only that if he did file a new case, he'd need to pay a filing fee. The letter says nothing about allowing the case to end. The staff attorney correctly answered the plaintiff's question; the fact that he does not want to incur a filing fee by filing a new complaint is not a basis for this court to reconsider its denial of his motion to reopen the case.

The plaintiff also argues that Judge Clevert erred when he dismissed the plaintiff's complaint without prejudice because he did not address all the plaintiff's claims. Dkt. No. 22 at 1-2. Even if this argument has merit, the court already has explained to the plaintiff that he raised it years too late.

The plaintiff has not demonstrated that this court erred when it denied

his motion to reopen. The court will deny his motion to review.

The court **DENIES** the plaintiff's motion for review. Dkt. No. 22.

Dated in Milwaukee, Wisconsin this 28th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**